Gazlay v. Gosling.

There are cases holding that where, as in this case, the party is bound to know the authority of the officer and deals with him about matters that concern the government, such dealings are against public policy; that it is against public policy to have an officer dealing with matters pertaining to government where he has no authority to, and the party thus dealing with him can not justify his acts even on a personal basis and, in order to escape liability himself, it is not necessary, that he should create a liability against his principal, against the corporation. That is held in a number of cases: *Hewitt* v. *Wheeler*, 22 Conn., 369, 371; *Hall* v. *Crandall*, 29 Cal., 567; *McCurdy* v. *Rogers*, 21 Wis., 199; *Newman* v. *Sylvester, supra.*

This being the law of the case as I find it laid down without exception, it appears conclusively, beyond all possibility to contradict it, that Hubbard in this case did not make himself liable on this contract, even though he made it, and even if it had a sufficient consideration to sustain it, which it did not have, as I have stated.

The judgment of the court below is affirmed.

MARVIN and HALE, JJ., concur.

---

### DESCENT AND DISTRIBUTION—WILLS

[Hamilton (1st) Court of Appeals, November 22, 1915.]

Jones, Jones and Gorman, JJ.

*ARIBERT GAZLAY ET AL v. JOHN E. GOSLING ET AL.

1. **Deceased Husband not Ancestor of Relict.**
   Within the meaning of the statutes of descent, Secs. 8573 to 8577 G. C., inclusive, a deceased husband can not be the ancestor of his relict.
2. **Ancestral Property Descended to Deceased Husband, Devised to Relict Looses Ancestral Quality.**
   Property which came to a deceased husband of a relict as ancestral property by descent, devise or deed of gift, and is devised by him to his widow, ceases to be ancestral property in her hands, and if she should die intestate. such property would not pass under the provisions of Sec. 8573 G. C., to the blood of the original ancestor from whom the estate came.
3. **Next of Kin of Husband of Relict Devises cannot Contest Will of Latter.**
   When such relict of a deceased husband dies testate seized of

*Motion to certify overruled by Supreme Court, January 25, 1916.

property which was ancestral in her deceased husband, but came to her by devise from said husband, those who are of the blood of the husband and of the ancestor from whom the estate came and the next of kin of the deceased husband have no such interest in the property, as entitles them to maintain an action to contest her said will.

*C. W. Baker*, for plaintiffs in error.

*Schorr & Wesselmann* and *Clore, Dickerson & Clayton*, for defendants in error.

## GORMAN, J.

Plaintiffs in error brought an action in the court below to contest the will of Susan Gazlay, deceased. Upon motion of the defendants the court ordered the plaintiffs to amend their petition, which was accordingly done and an amendment to the amended petition was also filed.

In substance the plaintiffs claim in their amended petition and the amendment thereto that Susan Gazlay died testate on or about April 9, 1913, leaving a paper writing which purports to be her last will and testament, and which they aver is not her last will and testament. Plaintiffs further aver that they are brother and sister, and are heirs at law of Susan Gazlay, deceased, and that they are the only children of Carter Gazlay, deceased; that Carter Gazlay, their father, was the only surviving child and sole heir at law of Aribert Gazlay, deceased; that Aribert Gazlay, deceased, was a brother of James W. Gazlay, deceased, and that James W. Gazlay, deceased, was the father of Allen Gazlay, deceased, who was the husband of Susan Gazlay, deceased, testatrix herein; that James W. Gazlay left no children but Allen W. Gazlay, deceased, and said Allen W. Gazlay left no issue and had no other property except that which he inherited from his father, James W. Gazlay, deceased, except what he may have purchased; that said Susan Gazlay, deceased, obtained all the property and estate which she had in her lifetime and of which she died seized through her husband, Allen W. Gazlay, by inheritance, devise and gift, and in no other way, so that under the statutes of descent and distribution had said Susan Gazlay died intestate her said property would have reverted to the collateral blood kin of her husband, Allen

Gazlay v. Gosling.

W. Gazlay, and that plaintiffs are such collateral blood kin. Plaintiffs further aver that said James W. Gazlay had a brother, Theodore Gazlay, who died leaving children and their represen- tatives who are parties to this cause, and that said James W. Gazlay had other brothers and sisters who are deceased, and whose representatives are made parties hereto. Plaintiffs pray that an issue be made up as provided by statute, and that said paper writing purporting to be the said last will and testament of Susan Gazlay be held not to be her last will and testament.

To this petition and to the amendment thereto a demurrer was filed by the defendants, which demurrer was sustained, and the planitiffs not desiring to plead further, the petition was dismissed at their cost. They prosecute error to that judgment.

From the averments of the amended petition it appears that the plaintiffs in error are the first cousins once removed of Allen W. Gazlay, deceased, being the children of his first cousin, Car- ter Gazlay. It further appears that the estate of Susan Gazlay came to her by devise from her husband, Allen W. Gazlay, and that the estate of Allen W. Gazlay which came to Susan Gazlay descended to Allen W. Gazlay from his father, James W. Gaz- lay, by devise, descent or deed of gift; that there are no children of Allen W. Gazlay, deceased, and no brothers or sisters.

The question presented by this demurrer is whether or not the plaintiffs in this case have an interest in the estate of Susan Gazlay, deceased, or, rather, would they have an interest in that estate if the paper writing purporting to be her last will and testament should be set aside and held for naught. Under the will of Susan Gazlay they are not legatees or devisees, nor are they heirs or next of kin of Susan Gazlay, so far as the averments of the petition disclose. Their only right, as they claim, to main- tain this action is by virtue of the fact that they are of the blood of Allen W. Gazlay and James W. Gazlay, from whom the es- tate came. If they would have no interest in the estate of Susan Gazlay in case her will should be set aside, then they are not proper parties plaintiff; they would have no interest in this ac- tion and could not maintain the action, and the demurrer was properly sustained.

We are of the opinion that the court of common pleas did not err in sustaining the demurrer to the petition.

Plaintiffs claim under Sec. 8573, Subd. 6 G. C., which is the section relating to the descent of ancestral property. Plaintiffs' counsel in his brief admits that there are no children or their legal representatives of Susan Gazlay; that there is no husband of Susan Gazlay, he having died before Susan Gazlay; that there are no brothers or sisters of Allen W. Gazlay; that there is no ancestor of Allen W. Gazlay to whom the estate may ascend. He admits that James W. Gazlay, the ancestor from whom the estate came, is deceased, and that the only child of that ancestor is Allen W. Gazlay, who is deceased; that there is no relict of Allen W. Gazlay to take the estate, and none of the half-blood. But he claims that under Subdivision 6 plaintiffs are entitled to inherit this property as the next of kin of Allen W. Gazlay. That subdivision of the section reads as follows:

"If there are no such half-brothers and sisters of the intestate, or their legal representatives, the estate shall pass to the next of kin to the intestate of the blood of the ancestors from whom the estate came, or their legal representatives."

Now it will be noted that two conditions must exist to enable the plaintiffs to inherit this estate if Susan Gazlay had died intestate: They must be the next of kin of Susan Gazlay, and also of the blood of the ancestor from whom the estate came—that is, the blood of Allen W. Gazlay. According to the allegations of the petition they are of the blood of Allen W. Gazlay and of the blood of James W. Gazlay, his father, but they are not next of kin of Susan Gazlay, the intestate—assuming that she would be intestate if this will were set aside. Therefore it appears certain that they could not inherit this property, even if it were ancestral property.

Furthermore, we are of the opinion that this property which came to Susan Gazlay from her deceased husband ceased to be ancestral property when she acquired it, even if it were ancestral property in Allen W. Gazlay during his lifetime. We think it is clear that a husband can not be the ancestor of his wife, and we think this proposition has been decided in *Brower* v. *Hunt*, 18 Ohio St., 311. The proposition decided in that case was that

Gazlay v. Gosling.

the terms "ancestor" and "descent" as used in connection with the order of distribution prescribed in the first section of our statute of descents had reference to such estates only as descended to the intestate in right of blood, or which came to him by devise or deed of gift from one from whom he might have inherited the same in such right, and that where the estate came to the intestate otherwise, its descent to him is regulated by the second section of the act, Sec. 8574 G. C., prescribing the order of descent of non-ancestral property, or property which came by purchase.

Now let us assume that Allen W. Gazlay died intestate, possessed of this ancestral property. His wife could only take a life interest in this ancestral property under the provisions of Sec. 8573, and at her death her interest in the property would become extinguished. She could not inherit from her husband as ancestor within the meaning of Sec. 8573, because the only persons who can take under that section are those having the blood of the person from whom the estate comes, as was said in *Brower* v. *Hunt, Supra.* So that in any aspect of the case it appears to us that whether this property was ancestral in the hands of Allen W. Gazlay during his lifetime, or was non-ancestral property, the plaintiffs in this case, upon the death of Susan Gazlay, if she had died intestate, would have no right, title or interest in the property; and inasmuch as those only who have an interest in the property, or who would have an interest in the property if the will were set aside can maintain an action, it is manifest that plaintiffs have no standing in court—are not the proper parties plaintiff—and the court of common pleas did not err in sustaining the demurrer to the petition.

Whether or not the court of common pleas was warranted in requiring the plaintiffs to make their petition definite and certain by setting out the sources of their title or interest in this property, need not now be considered. It is probable that the court might not have been warranted in granting this motion, but in view of the fact that the plaintiffs complied with the requirements of the court to set out fully the sources of the title which they claim, we can not see that any prejudice resulted to the plaintiffs in granting the motion.

For the reasons stated, the judgment of the court of common pleas will be affirmed.

JONES (E. H.) and JONES (O. B.), JJ., concur.